**WESTMAN COMMISSION COMPANY,**
**Plaintiff–Appellee,**

v.

**Irma L. SCHAERRER,**
**Defendant–Appellant.**

**No. 85CA1760.**

Colorado Court of Appeals,
Div. II.

July 2, 1987.

Rehearing Denied July 30, 1987.

Certiorari Granted (Schaerrer)
Jan. 11, 1988.

Lirtzman & Nehls, P.C., Joan M. Norman, Boulder, for plaintiff-appellee.

Bernard A. Poskus, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Irma Schaerrer, appeals the order of the trial court denying her claim that the guaranteed student loan funds in her checking account were exempt from garnishment. We affirm.

During the latter portion of August 1985, the defendant received a $2500 loan guaranteed by the federal government under the Higher Education Act, 20 U.S.C. § 1071, et seq., so that she could attend college. The proceeds of that guaranteed student loan were deposited in her checking account. Thereafter, in September 1985, that account was garnished to satisfy a judgment debt owed to plaintiff, Westman Commission Company.

Defendant filed a claim of exemption in the trial court, asserting, *inter alia*, that because guaranteed student loan funds were required to be used solely for educational purposes, they could not be garnished for payment of debts unrelated to education.

At the conclusion of a hearing on defendant's claim, the trial court denied the exemption. The transcript of that hearing was not certified to this court on appeal. The parties have, however, stipulated to the fact that the trial court denied Schaerrer's claim of exemption ruling that the proceeds of the loan were not exempt from garnishment.

Assuming, arguendo, that the funds in defendant's checking account retained their identity as proceeds of a guaranteed student loan, a fact which, in the absence of a transcript we are unable to ascertain, we hold that such proceeds are not exempt from execution under either the laws of Colorado or the laws of the United States.

To our knowledge there is no federal or state statute, regulation, or rule that expressly exempts guaranteed student loan funds from garnishment or execution. Rather, defendant's argument proceeds from the premise that because she has received monies which she is required to use for specific purposes, her creditors are bound by the same restrictions. We find no merit to this argument.

Both the Congress and the General Assembly, had they deemed it necessary, could have provided that the proceeds from a guaranteed student loan would be exempt from execution and garnishment. A typical example of such express exemption is found in 42 U.S.C. § 407, relating to social security benefits.

While Colorado law merely elucidates the beneficent purpose of such loans, Congress attempts to insure that the Higher Education Act is not abused by placing general restrictions on the student's use of guaranteed funds. Title 20 U.S.C. § 1091(a)(4) provides that in order to receive any grant, loan, or work assistance a student must:

"file with the institution of higher education which the student intends to attend, or is attending ..., a statement of educational purpose (which need not be notarized) stating that the money attributable to such grant, loan, or loan guarantee will be used solely for expenses related to attendance or continued attendance at such institution."

"Related" expenses may include normal living expenses of the student, including such items as rent, food, clothing, and transportation, as well as tuition, books and fees.

Also, the Higher Education Act provides a criminal penalty directed toward those who misapply such funds. Title 20 U.S.C. § 1097(a) provides in part:

"Any person who knowingly and willfully ... misapplies ... any funds provided or insured under this subchapter ... shall be fined not more than $10,000 or imprisoned for not more than five years, or both...."

However, a reading of the act as a whole convinces us that these provisions pertain only to those persons who accept funds under the conditions of the act. To hold otherwise, as defendant urges us to do, would place an intolerable burden on third parties who may, in good faith, furnish goods and services to the recipient of a guaranteed student loan.

We hold, therefore, that once loan proceeds under the guaranteed student loan program have been received by a student, such proceeds are not exempt from execution and garnishment.

Judgment affirmed.

KELLY and TURSI, JJ., concur.